Charles Didion *v.* Martin Duralde and another.

A broker is entitled to no compensation, unless a bargain be effected; and even in that event, has no claim for the reimbursement of his expenses.

Appeal from the District Court of the First District, *Buchanan,* J.

Martin, J. The plaintiff is appellant from a judgment which rejects his claim for brokerage, and for some expenses alleged to have been incurred by him in his attempt to earn the brokerage. Villars, one of the defendants, is also appellant from a part of the judgment which allows to the plaintiff thirty dollars for the expense of a journey. Our attention is drawn to a bill of exceptions, taken to the refusal of the court to admit parol evidence to establish that an oral agreement between the plaintiff and defendants, relative to the sale on which he claims a brokerage, was to have been reduced to writing, but that the defendants, or one of them, refused so to

reduce it.   The admission of the parol evidence was opposed on the ground, that neither the sale of immoveable property, nor the agency of the broker employed to effect it, can be proved by parol. A second bill of exceptions was taken to the rejection of a letter, offerred as rebutting evidence; the court being of opinion, that the letter did not tend to rebut the defendants' testimony.   There is a third bill of exceptions, taken by the defendants' counsel, to the admission of witnesses to establish the customary rate of brokerage on sales of real property, on the ground that the plaintiff, being a broker, is a mandatary, and ought to prove, not a custom, to establish his claim, but an agreement between him and the defendants as to his salary or remuneration.

*Pepin*, for the plaintiff.   The plaintiff is entitled to a judgment against the defendants *in solido*, for his commission and expenses. Civ. Code, arts. 2991.   That the sale was not effected, was owing to the fault of the defendants, who refused to comply with their contract, after the terms had been agreed upon.   The court erred in refusing to admit the testimony of witnesses to show that the defendants had agreed upon the terms of sale, and that no written act had been executed in consequence of the refusal of one of them to abide by his agreement.   A broker like other agents is entitled to his expenses.   Art. 2991 of the Civ. Code is explicit on the subject, as to agents in general.   Brokers are not excepted from its operation; and *eadem ratio, eadem lex.   Ubi lex non distinguit, non debemus distinguere.*   Civ. Code, arts. 2986, 2989. Agents of all kinds are entitled to recover the expenses incurred by their agency.   Story on Agency, 335.   2 Livermore, 1—2 and 11—33.   Pothier, Mandat, No. 68—79.   Duranton, book 18, p. 269, § 264—268.   See also Domat, Locré, &c.

*Blache*, contra.   A broker is not entitled to a commission unless a bargain be effected.   There was no evidence of the amount of the expenses claimed, or of their payment by the plaintiffs.

MARTIN, J.   It has appeared to us perfectly unnecessary to act on these bills.   The first and last relate to the plaintiff's claim of brokerage, and its rate; the second relates to the proposed terms of sale, and to the claim of the party, who proposed to purchase, to an exemption from the payment of one-half of the brokerage.   The view we have taken of this case, on an examination of its merits,

renders the correctness or incorrectness of the decision of the judge *a quo*, on any of these three bills, absolutety immaterial.   On the merits, the record shows that the sale of the land was never effected, and a close examination of the evidence has satisfied us that, on the question of fact, the judge below did not err ; and that he correctly concluded, that no brokerage is due in the case of a sale until it is actually effected.   The plaintiff claims the reimbursement of the expenses incurred in advertising, procuring certificates from the Recorder of Mortgages, and on a journey.   No evidence was offered of any advertisement or certificates of mortgage, and the expenses on these heads were correctly disallowed.   The defendants complained that the expense of the journey was allowed.   We think none were due.   In the case of *Blanc* v. *The Improvement Bank*, very lately decided, *ante*, p. 63, we held that a broker employed to sell a house, whether he succeeds or not, is not entitled to the reimbursement of money spent in hack, cab, or horse hire, in looking for a purchaser.   In the same case we held that, in the contract of brokerage, nothing is to be paid, unless a bargain be effected.

It is therefore ordered, that the judgment be annulled ; and proceeding to give such a judgment as in our opinion ought to have been given below, it is ordered, that there be judgment for the defendants, with costs in both courts.